UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2010-280 (WOB-CJS)

BARBARA YVETTE FISER, ETC., ET AL                              PLAINTIFFS

VS.                     MEMORANDUM OPINION
                             <u>AND ORDER</u>

PROASSURANCE CASUALTY COMPANY                          DEFENDANT

       This matter is before the Court on ProAssurance's Motion to Dismiss (Doc. 21), Plaintiffs' Response (Doc. 24), and Defendant's Reply (Doc. 30). The Court heard oral argument on this motion on October 24, 2011, after which it took the motion under submission.

       The Court now issues the following Memorandum Opinion and Order. For the reasons stated, the Court concludes that Defendant's motion should be denied.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

       In this action Plaintiffs allege that Defendant, ProAssurance Casualty Co. ("ProAssurance"), failed to act in good faith to effectuate a prompt, fair and equitable settlement of claims asserted against its insured, the defendant-physician in the underlying medical malpractice matter, once liability became reasonably clear. Plaintiffs allege that this constitutes a violation of KRS 304.12-230(6) of the Kentucky Unfair Claims Settlement Practices Act (the "KUCSPA" or "Act").

       The instant bad faith claim arises from a medical malpractice action that was originally filed in Boone Circuit Court in February 2006. Plaintiffs, both in this matter and the underlying state action, are the family of decedent Norma Luann Soard. The defendants in the underlying

action were Dr. Hooshang Silanee, H. Silanee, P.S.C., and several other physicians.  Dr. Silanee was the decedent's physician and was insured by ProAssurance.  In the underlying action, Plaintiffs asserted several tort claims against Dr. Silanee arising from his allegedly negligent care of decedent.  Specifically, the decedent was diagnosed with cervical cancer on June 23, 2005 and, despite being a patient of Dr. Silanee's, she had not had a PAP smear since June 8, 2000.  She ultimately died on August 12, 2006.

In August 2010, Plaintiffs filed a Fifth Amended Complaint, which asserted a violation the KUCSPA against ProAssurance.  Specifically, they asserted a violation of KRS 304.12-230(6), which provides, in relevant part, that "[i]t is an unfair claims settlement practice for any person to commit or perform any of the following acts or omissions: . . . (6) [n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." Ky. Rev. Stat. Ann. § 303.12-230(6) (West 2011).  Plaintiffs assert that they had offered to settle the claims against Dr. Silanee, but ProAssurance refused to attempt to settle the matter.  Plaintiffs also contend that liability was reasonably clear based on the facts, expert opinions, and a letter, drafted by Dr. Silanee's personal attorney and sent to counsel for ProAssurance, which communicated Dr. Silanee's desire to settle the matter.

The state court bifurcated the bad faith claim asserted against ProAssurance and held it in abeyance pending final resolution of the underlying tort claims.  The claims against all defendants other than Dr. Silanee and H. Silanee P.S.C. settled, but these claims were presented to a jury in September 2010.  After the jury began deliberating, the parties engaged in settlement negotiations, settling the matter after the jury had reached a verdict, but before it was returned.  On November 18, 2010, Dr. Silanee and H. Silanee P.S.C. were formally dismissed from the action.

Accordingly, only the bad faith claim asserted against ProAssurance remained. On December 10, 2010, ProAssurance removed the matter on the basis of diversity jurisdiction and, on June 17, 2011, it filed this Motion to Dismiss. In this motion, ProAssurance challenges the constitutionality of the KUCSPA under several theories, including that it infringes on a defendant-insured's right to a trial by jury and denies equal protection of the law in violation of the Fourteenth Amendment and the Kentucky constitution. ProAssurance further argues that the General Assembly violated the separation of powers doctrine by enacting this legislation, and that the KUCSPA is unconstitutionally vague.

## II.     ANALYSIS

### A.     Standing

It is apparent that ProAssurance lacks standing to argue that the statute is unconstitutional because it deprives its insured of his right to a jury trial. To demonstrate standing, a litigant must establish that: (1) he has suffered an injury in fact, which is the invasion of a legally protected interest that is both concrete and particularized, as well as actual or imminent, and not conjectural or hypothetical; (2) a causal connection exists between the injury and conduct complained of such that the injury is "fairly traceable" to the unconstitutional act; and (3) the injury is likely to be redressed by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Smith v. Jefferson Cnty. Bd. of Sch. Comm'rs.,* 641 F.3d 197, 206 (6th Cir. 2011). Here, ProAssurance fails to assert a cognizable injury.

In this case, which is all that is before this Court, Dr. Silanee specifically demanded that ProAssurance settle the case so he could avoid a jury trial. Dr. Silanee's personal counsel in the underlying medical malpractice case sent ProAssurance a letter communicating this demand:

"Dr. Silanee has requested that I communicate his desire and request this case be settled within his policy limits if that occasion arises." (Doc. 24-1, Demand Letter, at 1). Therefore, Dr. Silanee, the insured whose right ProAssurance attempts to raise, waived his right to a jury trial. As this right was waived, there is no injury.

The Court notes that this issue is raised by a Motion to Dismiss the Complaint, and so the situations of other insureds are not before the Court. Instead, the Court can consider only the situation of Dr. Silanee, and he waived his right to a jury trial by asking ProAssurance to settle the case.

The Court will observe, however, that it is difficult to see how this issue could be raised concerning any medical malpractice policy, because such policies typically provide that the insurer cannot settle without the consent of the insured. Therefore, the insured in such a policy has the ability to always insist on a jury trial.

Even in non-medical malpractice cases, liability policies uniformly give the company the right to settle within the policy limits without the consent of the insured and, in such situations, the insured thus waives his right to a jury trial if the company effects a settlement.

Therefore, the Court concludes that ProAssurance lacks standing to raise this issue.

**B.   Equal Protection**

ProAssurance also argues that the statute denies it equal protection of the law. It supports this argument by citing a case that not only does not support its position, but is directly contrary to its position. In *Elk Horn Coal Corp. v. Cheyenne Resources, Inc.,* 163 S.W.3d 408 (Ky. 2005), the court held that a ten percent penalty imposed by statute on an appellant who superseded a judgment and took an unsuccessful appeal beyond its first appeal of right violated equal protection. *Id.* at 422. It pointed out that the penalty was not imposed on plaintiffs who

took appeals, or defendants who did not supersede the judgment. *Id*. at 413.  Also, the penalty was imposed regardless of whether the appellant had acted in bad faith, for purposes of delay, or harassment. *Id*. at 414.  Therefore, the court held that the statute did not even meet the lowest threshold for equal protection analysis: the rational basis test for economic regulations. *Id*. at 419.

The court recognized, however, that under controlling cases by the Supreme Court of the United States, this test was easy to meet.  The court observed:

> But the state may discriminate in certain matters if there is a rational basis for such discrimination: "In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."  Thus, since in the present case no fundamental right is at stake and no "suspected class" is implicated, KRS 26A.300 must be upheld "if there is a 'rational basis' for the classification."

*Elk Horn Coal Corp*., 163 S.W.3d at 413-14 (internal citations and footnotes omitted).

Of course, there is a rational basis for penalizing an insurance company for acting in bad faith.  The policy is a contract on which its insured relies and which inures to the benefit of the public.  Thus, it has always been recognized that insurance companies in particular are especially subject to regulation.  *See Humana Inc. v. Forsyth*, 525 U.S. 299, 309 (1999) (discussing Congress' ability to regulate the insurance industry); *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 780 (1993) (recognizing that regulation of the insurance industry is generally a matter for the States); *Osborn v. Ozlin*, 310 U.S. 53, 66 (1940) (discussing state regulation of the insurance industry).

As pointed out in Plaintiffs' memorandum, "[a]n insurer has the financial resources to bankrupt plaintiffs by litigating claims which should be settled.  Not only does this cause an

additional burden upon the judicial system but often times it forces plaintiffs to settle claims to avoid the sheer expense of continued litigation." (Doc. 24, Resp. to Motion to Dismiss, at 15).

Furthermore, insurance companies have been known to refuse to pay clearly valid property damage or medical claims in order to starve the plaintiff into settling associated personal injury claims. Another disreputable tactic is to make an offer ten or fifteen percent less than the policy limits when the company knows that the claim is worth more than the policy limits, hoping to achieve a discount on its contractual obligations. The text of the KUCSPA reflects that the General Assembly had such practices in mind when it first enacted this statute decades ago.

Therefore, the Court holds that the rational basis test required to withstand an equal protection challenge has more than been satisfied.

### C.     Other Arguments

Proassurance shotguns numerous other arguments, such as separation of powers under state law, and that the legislature was unwise in making the statute available to parties other than the insured. These arguments have been consistently rejected by the Kentucky state courts. *See Knotts v. Zurich Ins. Co.,* 197 S.W.3d 512, 531(Ky. 2006) (Opinion of Wintersheimer, J.) (rejecting a separation of powers argument because the statute seeks to regulate the agents and employees of insurance companies, not attorneys or the litigation process); *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993) (reaffirming third-party bad faith claims and establishing a test for determining bad faith liability whether brought under the common law or as a statutory violation); *State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988) (recognizing a cause of action under Kentucky law for third-party bad faith claims).

Furthermore, the statute provides with particularity the settlement practices that are prohibited, and the Court does not find the statute vague. Accordingly, the Court rejects these arguments.[1]

### III.  CONCLUSION

Therefore, having heard the parties, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that ProAssurance's Motion to Dismiss (Doc. 21) be, and is hereby, **DENIED**.

This 28th day of October, 2011.



Signed By:
William O. Bertelsman  WOB
United States District Judge

---

[1] Moreover, the Court notes that the statute merely codifies the common law duty of good faith, which arises out of the insurance contract and applies to all insurers. *See Farmland Mut. Ins. Co. v. Johnson*, 36 S.W.3d 368, 380 (Ky. 2000) (recognizing that a bad faith action is based upon the duty arising from the contract owed by an insurance company to its insured); *Curry v. Fireman's Fund Ins. Co.*, 784 S.W.2d 176, 178 (Ky. 1989). This further supports the Court's rejection of ProAssurance's arguments.